The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
You have requested my opinion on the following questions concerning an ordinance that was adopted by the City of Perryville on October 26, 2000, entitled "An Ordinance Establishing a City Court for Perryville, Arkansas (Ordinance No. 006), and an agreement entered among several incorporated towns and cities in Perry County on November 8, 1974, entitled "Agreement to Establish Municipal Court of Perry County":
 1. When the City of Perryville passed Ordinance 000-006, was the 1974 Agreement to establish a Countywide Court still in effect since the City of Perryville had never taken any action to withdraw from the agreement and was still actively participating in the Municipal Court of Perry County?
 2. If the answer to Question 1 is yes, was Ordinance No. 000-006 sufficient to allow the City of Perryville to withdraw from the 1974 Agreement when the city did not take any other action to withdraw from the Agreement, did not notify any of the other participants in the Agreement of the passage of that Ordinance, did not notify any of the personnel of the Court of the passage of the Ordinance or an intent to withdraw from the Agreement, continued to participate in the Municipal/District Court as of August 12, 2004 and has not to this date notified the Court of any of the participating cities and incorporated towns of its intent to withdraw from the Agreement or of its intent to form a separate City Court?
RESPONSE
I regret that I am unable to opine on these questions, both of which involve reviewing local ordinances and determining the parties' intent in entering the 1974 "Agreement to Establish Municipal Court of Perry County." Such matters are not within the ordinary scope of an Attorney General opinion. This office has consistently declined to undertake the interpretation of local ordinances because this necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. See, e.g., Ops. Att'y Gen. 2003-198; 99-068. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinances. The awareness of such factors is a matter within the local domain, rather than the domain of this office.
These same principles apply with respect to the agreement involved in this instance. See generally Op. Att'y Gen. 97-095 (declining to interpret a local agreement). An interpretation of the ordinances and agreement that are relevant to your question therefore must ultimately be handled locally. These matters are appropriately within the purview of the interested parties and their respective legal counsel, and ultimately the judicial branch if resort to the courts is necessary to review the ordinance(s) and resolve these issues involving the Agreement's proper interpretation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh